Nash, J.
 

 If it be admitted, that there was such an agreement between the parties as alleged by the plaintiffs, we cannot perceive how it gave to them any equitable lien upon the bond, for the security and fulfilment of the covenant. An equitable lien is neither a
 
 jus in re,
 
 nor a
 
 jus ad rem,
 
 but simply a right to possess and retain property, until some charge attaching to it is paid or discharged.
 
 1st Sto. Eq. p.
 
 483,
 
 sec.
 
 506. Now it cannot be pretended that the plaintiffs have a right to the possession of the bond. They have, in fact, no interest in the estate of Thomas Webb, sen, until his death, and it depends upon his will and pleasure, whether 'they will have any then. There is nothing, then, to graft a lien upon : it was a personal contract, if it existed at all, between the father and the son, that the former _ during his life, should not be called on for the money. He alone has a right to complain, if the contract is violated. But he does not
 
 complain
 
 — he does not seek to enforce it, but is made a defendant in the cause, because he will not complain. This is, of itself, a fatal objection to the plaintiffs’ bill. They are no parties to the suit, and have no interest in it. All they can be entitled to, upon the death of Thomas Webb, Sen., will be an equal portion of his
 
 *70
 
 estate, after the payment of his debts. It is not denied but admitted, that the money was borrowed by Thomas Webb, for which the bond was given ; it is therefore a just debt, and must be paid, before there will be any thing to divide. It cannot, therefore, be a matter of any moment to them, if they can enforce the covenant given by Thomas Webb, jr., on which we give no opinion, whether this bond is paid by Thomas Yfebb, sen. or by
 
 his
 
 estate after his death. The case is before us upon
 
 the
 
 bill and answers and exhibits. There is no evidence of any agreement between the parties, such as is stated in the bill as having taken place when T. Webb gave his bond, apart from the endorsement on the bond, and that was merely a memorandum personal to the father, and directory to his personal representative after his death, creating no obligation, in law or equity, so far as the plaintiffs are concerned, and conferring upon them no legal interest, that can be enforced.
 

 Per Curiam.
 

 The bill dismissed with
 
 costs.